# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ELIZABETH HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-00121 |
| | ) REEVES/LEE |
| CLEVELAND CITY BOARD OF EDUCATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Elizabeth Harris, acting pro se, brings this action against Cleveland City Schools alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983, § 504 of the Rehabilitation Act, the Individuals with Disabilities Education Act, the McKinney-Vento Act, and the Fourteenth Amendment of the United States Constitution. Defendant moves to dismiss the complaint or for judgment on the pleadings under Federal Rules of Civil Procedure 12(b)(6) and 12(c). For the following reasons, defendant's motion will be granted and this action dismissed.

## I. Background

Harris's son, Michael, began attending Cleveland High School in August of 2014. At the time of his enrollment, Harris and Michael were staying at a domestic violence shelter located within the school district. Michael has been diagnosed with attention-deficit/hyperactivity disorder and autism. He also suffers from asthma and migraine

headaches. During the 2014-15 school year, Harris and Michael relocated seven times due to financial constraints. Because Harris moved outside the school district, she was permitted to charge fuel to the school district's account for transporting Michael to school. In early 2016, Harris and Michael relocated to a domestic abuse shelter in Dalton, Georgia, 32.6 miles from Cleveland High School. A problem arose with transportation costs between the school and Harris. Harris alleges the school also refused to enroll Michael for the 2016-17 school year.

Harris filed suit against defendant in the fall of 2016, alleging violations of the McKinney-Vento Act. *See S.S., M.H. and B.H. v. Cleveland City Schools Board of Education*, Civil Action No. 1:16-CV-333. The case was settled and a stipulation of dismissal with prejudice was entered on December 2, 2016. See Civil Action No. 1:16-CV-333, [R. 26].

Additional facts are taken from the Order of Dismissal from the Tennessee Department of Education entered August 8, 2017 [R. 29-1]. At the beginning of the 2016-17 school year, the school determined that Michael was ineligible for special education services. He has never been identified as needing special education services, although he does have a "504 plan." Harris disagreed with the school's findings and requested an independent educational evaluation. Dr. Asia Gifford performed the evaluation and determined that Michael met the criteria for Autism Spectrum Disorder, Severity Level Two. Dr. Gifford further opined that Michael "may" be eligible for special services through the school system, and Harris should meet with school personnel to discuss possible development of an Individualized Education Program (IEP).

Michael became 18 years old on March 31, 2017. A meeting was held on April 25, 2017, to consider Dr. Gifford's report. Both Harris and Michael were present at the meeting along with school personnel. During the discussion, Michael indicated he did not need special education services; his mother disagreed. Michael was enrolled in the regular curriculum at Cleveland High School for the 2016-17 school year. The curriculum included Advanced Placement European History, Environmental Science, and English 4. Michael made an "A" in each of the classes in the spring semester. Michael's 504 plan, revised in March 2017, contained multiple accommodations, including extra time for completing assignments. Michael stated in the April 25, 2017 meeting that his teachers had done an "amazing job" following the 504 plan. Michael graduated from Cleveland High School on May 19, 2017, with a regular education diploma.

On May 8, 2017, Harris filed a complaint against defendant alleging violations of "Title II ADA, Section 1983, Section 504, IDEA, McKinney Vento, 14th Amendment to the U.S. Constitution." In support of her claims, Harris wrote the following:

> Requesting and needing and [sic] immediate injunction under the Federal Civil Rights Act – McKinney Vento Homeless protection ordering/granting relief as comparable services and adequate transportation reimbursement + costs + costs related to disability IDEA travel (as mediated in settlement agreement 10-12) causing barrier to attendance/enrollment, subsequently has denied FAPE.
>
> Requesting and needing immediate injunction putting a stop to the harassment and retaliation to our family regarding my son's autism disabilities and disability related absences.

[R. 1]. Harris lists her son, Michael Harris, as an additional plaintiff on her complaint form; however, Michael did not sign the complaint or the application to proceed *in forma pauperis.*

## II. Standard of Review

Generally, complaints filed by *pro se* plaintiffs are liberally construed; however, in a motion to dismiss for failure to state a claim, the court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Powell v. Denton*, 2010 WL 1491550 at *2 (E.D.Tenn. Apr. 12, 2010). Under the standard articulated by the United States Supreme Court, courts are to engage in a two-step process when considering a motion to dismiss for failure to state a claim. *Id.*

First, the court separates the complaint's factual allegations from its legal conclusions. All factual allegations, and only the factual allegations, are taken as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, the court asks whether these factual allegations amount to a plausible claim for relief. *Id.* at 555. The allegations do not need to be highly detailed, but they must do more than simply recite the elements of the offense. *Id.* Specifically, the complaint must plead facts permitting a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570. The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Township Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

While a *pro se* plaintiff's complaint is liberally construed in determining whether it fails to state a claim upon which relief can be granted, lenient treatment generally accorded

4

to *pro se* litigants has limits. *Walker v. Corwell*, 2017 WL 663093 at *3 (E.D.Tenn. Feb. 15, 2017). The federal courts do not abrogate basic pleading essentials in *pro se* actions. *Id.* For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Id.* Complaints containing "vague and conclusory allegations" unsupported by material facts are subject to dismissal. *Becker v. Ohio State Legal Servs Ass'n*, 19 Fed. Appx. 321, 322 (6th Cir. 2001).

### III. Discussion

#### A. Cleveland City Schools

Defendant asserts that Cleveland City Schools is not an entity subject to suit. Defendant is correct in that assertion. The operation of the Cleveland City Schools is by the Cleveland City Board of Education, the statutory entity pursuant to Tenn. Code Ann. § 49-2-203, and its duly elected Board of Education. *See* Tenn. Code Ann. § 49-6-201. Accordingly, Cleveland City Schools is **DISMISSED** as a party defendant, and the Cleveland City Board of Education will be submitted in its place.

#### B. Section 1983

To establish a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or the laws of the United States, and (2) that she was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Here, the complaint fails to specify what Constitutional right was violated, and the complaint is devoid of any facts tending to show a deprivation of any Constitutional right. Accordingly,

the court finds that Harris has failed to state a claim under § 1983, and her claim is dismissed.

### C. Michael's Claims

To the extent that Harris is attempting to state a § 1983 claim on behalf of her son, Michael, the Sixth Circuit has held that a parent may not bring a § 1983 claim for any alleged violation of the child's constitutional rights because such an action is "entirely personal to the direct victim of the alleged constitutional tort." *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984).

Harris may not represent Michael's interests because she is not an attorney. While federal law provides that parties may plead and conduct their own cases personally, this right does not extend to representation of one's child. *See* 28 U.S.C. § 1654; *Lawson v. Edwardsburg Pub. Sch.*, 751 F.Supp. 1257, 1258 (W.D.Mich. 1990) (While a litigant has the right to act as her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of her minor child).

To commence an action, a *pro se* plaintiff must sign the complaint himself. Tenn. R. Civil P. 11.01(a); *Old Hickory Eng. & Mach. Co.* v. Henry, 937 S.W.2d 782 (Tenn. 1996) (A party who is not represented by an attorney shall sign his pleading, motion or other paper). A complaint is void when it is filed by someone, on behalf of another, who is not authorized to practice law or otherwise commence an action on another's behalf. *See Bivins v. Hosp. Corp. of Am.*, 910 S.W2d 441, 446 (Tenn.Ct.App. 1995) (Proceedings in a suit by a person not entitled to practice are a nullity).

The record shows that Michael reached eighteen (18) years of age on March 31, 2017, and is no longer a minor. The record further shows that Michael graduated from Cleveland High School on May 19, 2017. The enactment of Tenn. Code Ann. § 1-3-113(a) completely emancipates individuals over eighteen years of age from the control of their parents. *Garey v. Garey,* 482 S.W.2d 238, 241 (1958). Where emancipation of a minor is complete, the parent's right to maintain an action for loss of services due to injuries is cut off. *Memphis Steel Constr. Cov. v. Lister,* 197 S.W. 902 (Tenn. 1917). And, as stated above, a plaintiff has no right to sue in her own behalf for the deprivation of the civil rights of a child. *Meador v. Cabinet for Human Resources,* 860 F.2d 1079 (6th Cir. 1988).

Rule 11(a) of the Federal Rules of Civil Procedure requires that every unrepresented party personally sign each pleading. *See Shannon v. Johnson*, 2013 WL 1564223 at *1 (M.D.Tenn. Apr. 12, 2013) ("When two or more plaintiffs are proceeding as co-plaintiffs, each plaintiff must sign the complaint").

Harris does not allege that Michael has been adjudicated incompetent. Michael did not sign the complaint or the application to proceed *in forma pauperis*, and thus, is not a party to this case. Therefore, any claim relating to violation of Michael's rights is dismissed because he has not filed a complaint.

### D. ADA/Rehabilitation Act

Both the Americans with Disabilities Act (ADA) and the Rehabilitation Act prohibit discrimination against a qualified individual with a disability. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452 (6th Cir. 2008). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

7

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act likewise states that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). To prove discrimination under either statute, Harris must show (1) she has a disability, (2) is other qualified, and (3) is being excluded from participation in, being denied the benefits of, or being subjected to discrimination solely because of the disability. *Anderson v. City of Blue Ash,* 793 F.3d 338, 357 (6th Cir. 2015).

First, Harris vaguely alleges that she suffers from a disability, but does not specifically state the nature of her disability and she fails to state any facts showing that she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination solely because of the disability. Accordingly, Harris has failed to state a claim under either the ADA or the Rehabilitation Act.

Second, although the record shows that Michael suffers from autism, ADHD, asthma, and migraines, the complaint does not contain any facts to establish that Michael is being excluded from participation in, being denied the benefits of, or being subjected to discrimination solely because of an alleged disability. In fact, the record shows that a 504 plan was developed and implemented to allow Michael to participate in the general education curriculum at the same level as his peers. Michael successfully passed all of his courses and graduated from Cleveland High School with a regular education diploma in

May 2017. Accordingly, the court finds that Harris has failed to state a claim for relief, and the ADA/Rehabilitation Act claims are dismissed.

## E. IDEA

Harris generally alleges that defendant "has denied FAPE" and asks the court to put a stop to the alleged harassment and retaliation regarding her son's "autism disability and disability related absences." The Individuals with Disabilities Education Act (IDEA) provides federal funding to states to assist in the education of handicapped children. The main purpose of the Act is to ensure that all children with disabilities have available to them a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, independent living, and to ensure that the rights of children with disabilities and parents of such children are protected. 20 U.S.C. § 1400(d). A primary mechanism for ensuring a FAPE is the creation of a detailed Individualized Education Program (IEP).

It is well-settled that plaintiffs must exhaust their administrative remedies before filing a civil action to enforce their rights under the IDEA. 20 U.S.C. § 1415(l); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir. 1989); *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). The record shows that Harris filed a due process complaint on January 23, 2017, in her own right and on behalf of Michael. The Administrative Judge dismissed the due process complaint because Michael turned 18; he declined special education services; and he graduated from Cleveland High School with a regular education diploma. *See* [R. 29-1].

The IDEA provides when a child with a disability reaches the age of majority under state law, all rights accorded to the parents transfer to the child. *See* 20 U.S.C. § 1415(m)(1)(B). Tennessee adopted this provision when the Tennessee State Board of Education promulgated Rule 0520-01-09-21 for Special Education Programs and Services, which states "unless the child has been adjudicated incompetent, all rights vest in the child when the child attains eighteen years of age." When Michael turned 18 on March 31, 2017, all rights under the IDEA transferred to him. Therefore, when Michael declined special education services during the April 25, 2017 meeting with school personnel, his position was controlling. The Administrative Judge, in reviewing whether Michael had received a FAPE, found that by "earning high grades and meeting the graduation requirements set by the Tennessee State Board of Education [with only the assistance of his 504 plan] Michael has demonstrated his ability to succeed" [R. 29-1]. The Administrative Judge dismissed Harris's due process complaint. Harris's complaint contains no facts to contradict the findings of the Administrative Judge, and the court will dismiss the IDEA claim.

### F. McKinney-Vento

The McKinney-Vento Homeless Education Assistance Improvements Act, 42 U.S.C. §§ 11431-11435 provides a broad range of assistance to homeless individuals and families. The purpose of the Act is to ensure that each homeless child has equal access to the same FAPE as provided to other children. *Id.* at § 11431(1). Homeless children have the right to attend either their school of origin or a local school for the duration of homelessness, and the local school district must provide transportation to the school of origin. *Id.* at 11432(g)(1)(J)(ii)(1). Harris previously filed suit against defendant in the

fall of 2016, alleging violations of the McKinney-Vento Act. *See S.S., M.H. and B.H. v. Cleveland City Schools Board of Education*, Civil Action No. 1:16-CV-333. The case was settled and a stipulation of dismissal with prejudice was entered on December 2, 2016. *See* Civil Action No. 1:16-CV-333, [R. 26]. The stipulation of dismissal filed by the parties operates to bar litigation of the same issues raised in the prior action. The issues raised in the present complaint are re-packaged from Harris's prior case and, thus, are redundant to the litigated claims in the prior case. Michael has graduated with a full diploma from Cleveland High School. Any money or benefits owed to Harris under the McKinney-Vento Act ended upon Michael's graduation. Accordingly, this claim is dismissed.

### G.  Amendment of Complaint

Harris filed a 23-page response to defendant's motion to dismiss, which includes a reference on page 2 "(Please see motion to amend complaint, thank you)" [R. 26]. However, no motion to amend or proposed amended complaint were filed with the court.

Pursuant to Federal Rule of Civil Procedure 15, a court may grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a). Courts must read Rule 15 in conjunction with Federal Rule of Civil Procedure 7(b), which requires that a party make such a request in a motion that states with "particularity the grounds for seeking the order." Courts in the Sixth Circuit do not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration. *See Daugherty v. Graves*, 2012 WL 523664 at *3 (E.D.Tenn. Feb. 16, 2012) (collecting cases). Moreover, Local Rule 15.1 states:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of the court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

Had Harris filed a motion to amend her complaint prior to the court's consideration of the motion to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the court would have considered the motion to dismiss in light of the proposed amendments to the complaint. Absent such a motion, however, defendant is entitled to a review of the complaint as filed pursuant to Rule 12(b)(6). The court recognizes that as a *pro se* litigant, Harris is entitled to some leniency with regard to her pleadings; however, it is well-settled that *pro se* litigants are obligated to follow federal and local rules of procedure. *See Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339 at *2 (W.D.Tenn. Jul. 12, 2010). Because Harris has not complied with the directive of Rule 7(b) or with the Local Rules, the court will not accept Harris's alternative arguments contained in a response to a motion to dismiss as a proper motion to amend.

In her response, Harris asserts new claims for breach of contract, civil conspiracy, violation of the Fourth Amendment, negligence, deliberate indifference, and failure to train. Defendant contends that Harris may not assert new claims in her response. Defendant is correct.

It is well-settled that a plaintiff cannot add new claims to her complaint in opposition to a motion to dismiss. *See Williams v. United States*, 2017 WL 2275564 at *2 (S.D.Ohio, May 5, 2017); *Bonds v. Univ. of Cincinnati Med. Ctr.*, 2017 WL 3671239 (S.D.Ohio, Aug.

12

24, 2017); *Jocham v. Tuscola Cnty*, 239 F.Supp.2d 714, 732 (W.D.Tenn. 2013) (holding that plaintiffs may not amend their complaint through a response brief"). Accordingly, Harris cannot amend her complaint to add new claims.

### IV. Conclusion

In light of the foregoing discussion, defendant's motion to dismiss or for judgment on the pleadings [R. 14] is **GRANTED**, and this action is **DISMISSED in its entirety, with prejudice.**

Plaintiff's motion for immediate injunction [R. 3] is **DENIED.**

**AN APPROPRIATE ORDER WILL FOLLOW**.

_____
**UNITED STATES DISTRICT JUDGE**